## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

1. **R. THOMPSON DEVELOPMENT COMPANY, an Oklahoma Corporation**

     **Plaintiff,**

**v.**

1. **AMERICAN NATIONAL PROPERTY AND CASUALTY COMPANY, a foreign for profit insurance corporation,**

     **Defendant.**

**Case No.** CIV-22-215-D

## COMPLAINT

## A.  Parties

1.   Plaintiff, R. Thompson Development Company, is a corporation organized and incorporated under the laws of the State of Oklahoma.

2.   The principal location for Plaintiff, R. Thompson Development Company, is within the State of Oklahoma.

3.   Defendant, American National Property and Casualty Company, is a foreign for-profit insurance corporation, incorporated and organized under the laws of the State of Missouri.

4.   The principal place of business for Defendant, American National Property and Casualty Company, is Springfield, Missouri.

5.   Defendant, American National Property and Casualty Company, is licensed to conduct business in the State of Oklahoma and may be served with process through the Oklahoma Department of Insurance.

6.   This action is not related to any other case filed in this court.

## B. Jurisdiction

7.   The court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because there is diversity between the parties and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

## C. Substantive Facts

8.   At all times material hereto, Plaintiff, R. Thompson Development Company, owned a ranch located at 1500 60th Ave NW, in Norman, Oklahoma, which was insured under the terms and conditions of an insurance policy, policy number 3501G4375, issued by the Defendant, American National Property and Casualty Company.

9.   The conduct of Defendant, American National Property and Casualty Company, in the handling of this first party property insurance claim is outrageous and scandalous. On or about April 28, 2021 numerous buildings at Plaintiff's ranch were damaged in a catastrophic hail storm that impacted the Norman, Oklahoma area. At the time of this loss, Plaintiff was insured by Defendant, American National Property and Casualty Company. A claim was timely submitted by

Plaintiff for this covered hail loss. Defendant assigned Plaintiff's claim to a field adjuster and retained an engineering firm, Rimkus Consulting Group, Inc. to inspect Plaintiff's property. Defendant's field adjuster and engineer, Dadi S. Soemantri, Dr. E., P.E., S.E. with Rimkus, inspected Plaintiff's property and documented extensive, functional hail damage to numerous metal roofs on Plaintiff's buildings, as well as other hail damage to Plaintiff's composition shingles, siding, etc. Specifically, Rimkus Consulting, who was tasked by Defendant, American National Property and Casualty Company, with inspecting Plaintiff's property to identify any wind/hail damage and provide an estimate for the same concluded as follows:

- "The main building roof exhibited functional hail and wind damage, such that it warrants replacement."

- "The storage shed roof exhibited functional wind damage and warrants a repair or replacement of the damaged area."

- "The asphalt shingle roof and transite wall siding of the farm residence 1500B had functional damage that was caused by the hail impact, such that they warrant replacement."

- "The asphalt shingle roof of the farm residence 1500C had functional damage that was caused by the hail impact, such that it warrants replacement."

- "The equipment storage building roof exhibited functional hail and wind damage that compromised the functionality of the roofing by degrading its water-shedding performance and increasing the susceptibility to future moisture intrusion such that it warrants replacement."

- "The wall siding[1] of this equipment storage building exhibited cosmetic localized hail dents without coating failure."

- "The horse barn building roof exhibited functional hail and wind damage that compromised the functionality of the roofing by degrading its water-shedding performance and increasing the susceptibility to future moisture intrusion such that it warrants replacement."

- "The wall siding of the horse barn building also exhibited localized functional hail damage (spalling) on the coating due to hail impact…"

On October 26, 2021, Defendant's engineer produced a report which documented significant, covered damage to many of Plaintiff's insured properties, and concluded that this damage occurred within the policy period (on April 28, 2021). Defendant's engineer also provided Defendant with an estimate for these covered damages in an amount in excess of $640,000.00. Plaintiff expected American National Property and Casualty Company to live up to its legal and contractual obligations to fairly and timely investigate, evaluate and issue payment for these

---

[1] The cosmetic damage exclusion in Plaintiffs' insurance policy applies only to roofing, thus hail damage to siding is owed whether it is cosmetic or functional.

covered hail damages. However, instead of promptly issuing undisputed payment to Plaintiff for the covered hail damages that were documented by its retained engineer, American National Property and Casualty Company delayed Plaintiff's claim for nearly six months and, to this day, has unreasonably refused to issue payment to Plaintiff for a single penny of the hundreds of thousands of dollars of covered damaged documented by Defendant's own engineer. To add insult to injury, American National attempted to misrepresent and conceal its expert's findings in an attempt to avoid payment to Plaintiff for this covered hail loss. Because American National has acted unreasonably, unfairly and in bad faith, and because it has altogether failed to issue payment to Plaintiff for these covered damages, Plaintiff was forced to file this lawsuit.

10. At all times material hereto, the Plaintiff, R. Thompson Development Company, complied with the terms and conditions of its insurance policy.

11. On or about April 28, 2021, numerous buildings at Plaintiff's ranch were damaged as a result of a hail storm. The hail storm caused extensive functional damage to Plaintiff's roofing systems, as well as damage to the exterior of the buildings, siding, etc. These damages are covered pursuant to the terms and conditions of Plaintiff's insurance policy.

12. Wind/hail are covered perils pursuant to the terms and conditions of Plaintiff's insurance policy.

## **D. Causes of Action and Claims for Relief**

## **COUNT I: Breach of Contract**

13.  Plaintiff, R. Thompson Development Company, hereby asserts, alleges and incorporates paragraphs 1-12 herein

14. The insurance policy, policy number 3501G4375 issued by Defendant, American National Property and Casualty Company, was in effect on April 28, 2021.

15. Subsequent to the April 28, 2021 hail storm, Plaintiff, R. Thompson Development Company, timely submitted a claim to Defendant, American National Property and Casualty Company, for the damages.

16. The acts and omissions of Defendant, American National Property and Casualty Company, in the investigation, evaluation, and non-payment of Plaintiff's claim were unreasonable and constitute a breach of contract for which contractual damages are hereby sought.  Defendant, American National Property and Casualty Company, breached its contract with Plaintiff, R. Thompson Development Company, by failing to conduct a reasonable investigation of Plaintiff's claim, by evaluating the results of its investigation unreasonably and by unreasonably failing to issue payment for Plaintiff's covered hail damages, which were documented by Defendant's own retained expert and confirmed by its field adjuster. Defendant unreasonably, and as part of a bad faith scheme, withheld policy benefits that it

knew were due and owing to Plaintiff pursuant to the terms and conditions of the subject insurance policy.

## COUNT II: Bad Faith

17. Plaintiff, R. Thompson Development Company, hereby asserts, alleges and incorporates paragraphs 1-16 herein.

18. The acts and omissions of Defendant, American National Property and Casualty Company, in the investigation, evaluation, and denial of Plaintiff's claim were unreasonable and constitute a bad faith breach of contract for which extra-contractual damages are hereby sought.  Defendant, American National Property and Casualty Company, acted in bad faith by failing to conduct a reasonable investigation of Plaintiff's claim, by evaluating the results of its investigation unreasonably and by unreasonably failing to issue payment for Plaintiff's covered hail damages. Defendant unreasonably withheld policy benefits that it knew were due and owing to Plaintiff pursuant to the terms and conditions of the subject insurance policy. Specifically, Plaintiff states that on April 28, 2021 numerous buildings at Plaintiff's ranch were damaged in a catastrophic hail storm that impacted the Norman, Oklahoma area. At the time of this loss, Plaintiff was insured by Defendant, American National Property and Casualty Company. A claim was timely submitted by Plaintiff for this covered hail loss. Defendant assigned Plaintiff's claim to a field adjuster and retained an engineering firm,

Rimkus Consulting Group, Inc. to inspect Plaintiff's property. Defendant's field adjuster and engineer, Dadi S. Soemantri, Dr. E., P.E., S.E. with Rimkus, inspected Plaintiff's property and documented extensive, functional hail damage to numerous metal roofs on Plaintiff's buildings, as well as other hail damage to Plaintiff's composition shingles, siding, etc. Specifically, Rimkus Consulting, who was tasked by Defendant, American National Property and Casualty Company, with inspecting Plaintiff's property to identify any wind/hail damage and provide an estimate for the same concluded as follows:

- "The main building roof exhibited functional hail and wind damage, such that it warrants replacement."

- "The storage shed roof exhibited functional wind damage and warrants a repair or replacement of the damaged area."

- "The asphalt shingle roof and transite wall siding of the farm residence 1500B had functional damage that was caused by the hail impact, such that they warrant replacement."

- "The asphalt shingle roof of the farm residence 1500C had functional damage that was caused by the hail impact, such that it warrants replacement."

- "The equipment storage building roof exhibited functional hail and wind damage that compromised the functionality of the roofing by degrading its

water-shedding performance and increasing the susceptibility to future moisture intrusion such that it warrants replacement."

- "The wall siding[2] of this equipment storage building exhibited cosmetic localized hail dents without coating failure."

- "The horse barn building roof exhibited functional hail and wind damage that compromised the functionality of the roofing by degrading its water-shedding performance and increasing the susceptibility to future moisture intrusion such that it warrants replacement."

- "The wall siding of the horse barn building also exhibited localized functional hail damage (spalling) on the coating due to hail impact…"

On October 26, 2021, Defendant's engineer produced a report which documented significant, covered damage to many of Plaintiff's insured properties, and concluded that this damage occurred within the policy period (on April 28, 2021). Defendant's engineer also provided Defendant with an estimate for these covered damages in an amount in excess of $640,000.00. Plaintiff expected American National Property and Casualty Company to live up to its legal and contractual obligations to fairly and timely investigate, evaluate and issue payment for these covered hail damages. However, instead of promptly issuing undisputed payment to Plaintiff for the covered hail damages that were documented by its retained

---

[2] The cosmetic damage exclusion in Plaintiffs' insurance policy applies only to roofing, thus hail damage to siding is owed whether it is cosmetic or functional.

engineer, American National Property and Casualty Company delayed Plaintiff's claim for nearly six months and, to this day, has unreasonably refused to issue payment to Plaintiff for a single penny of the hundreds of thousands of dollars of covered damaged documented by Defendant's own engineer. To add insult to injury, American National attempted to misrepresent and conceal its expert's findings in an attempt to avoid payment to Plaintiff for this covered hail loss. Because American National has acted unreasonably, unfairly and in bad faith, and because it has altogether failed to issue payment to Plaintiff for these covered damages, Plaintiff was forced to file this lawsuit.

19.  American National Property and Casualty Company unreasonably attempted to misrepresent and conceal its expert's findings in order to avoid payment to Plaintiff for this covered hail loss. American National Property and Casualty Company also engaged in bad faith by attempting to direct the outcome and conclusions of its engineer. Specifically, Defendant's desk adjuster, Jeff Clegg, initially denied the existence of the Rimkus engineering estimate. Then, once confronted about the Rimkus estimate, told Plaintiff's public adjuster that American National Property and Casualty Company wasn't going to use the estimate written by its engineer which documented extensive, covered hail damage to Plaintiff's property, because it "wasn't written the way [American National] told them to write it" and because the engineer had "run out of his budget". In

summary, instead of fairly evaluating the findings of its engineer and issuing payment accordingly, American National Property and Casualty Company attempted to manipulate and conceal its engineer's findings in order to reduce the amount paid on Plaintiff's claim. Instead of fairly evaluating the findings made by Rimkus and issuing timely and fair payment to Plaintiff pursuant to the insurance policy and its legal obligations under Oklahoma law, American National Property and Casualty Company unreasonably refused to provide the Rimkus Engineering estimate to Plaintiff despite numerous requests, delayed payment for months and looked for ways to avoid payment for Plaintiff's covered hail loss without any reasonable basis.

## COUNT III: Punitive Damages

20.   Plaintiff, R. Thompson Development Company, hereby asserts, alleges and incorporates paragraphs 1-19 herein.

21.   The unreasonable conduct of the Defendant, American National Property and Casualty Company, in the handling of Plaintiff's claim was intentional, willful, wanton and was committed with a reckless disregard for the rights of the Plaintiff, R. Thompson Development Company, for which punitive damages are hereby sought.

## E. Demand for Jury Trial

22.  Plaintiff, R. Thompson Development Company, hereby requests that the

matters set forth herein be determined by a jury.

## F. Prayer

23.  Having properly pled, Plaintiff, R. Thompson Development Company, hereby seeks contractual, bad faith and punitive damages against the Defendant, American National Property and Casualty Company, together in an amount in excess of $75,000.00; including costs, interest and attorney fees.


Respectfully submitted,

S/ *Michael D. McGrew*
Michael D. McGrew, OBA# 013167
McGrew, McGrew & Associates, PC
400 N. Walker, Suite 115
Oklahoma City, Oklahoma 73102
(405) 235-9909 Telephone
(405) 235-9929 Facsimile
office@mcgrew-law.com
**ATTORNEYS FOR THE PLAINTIFF**